## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KIERFT NOEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-12117-JEK |
| | ) | |
| SHAWN A. ZOLDAK, STACY BUTKOWSKI, | ) | |
| MANDY MAYNORD, SHAWN P. JENKINS, | ) | |
| DEANNA AQUAFRESCA, SYDNEY | ) | |
| RESENDES, MICHAEL FONTAIN, and | ) | |
| SESIA STOLF, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**KOBICK, J.**

On October 11, 2024, the Court reinstated this civil action; granted plaintiff Kierft Noel's late-filed renewed application to proceed *in forma pauperis*; assessed, pursuant to 28 U.S.C. § 1915(b)(1)-(2), an obligation to make payments towards this case's $350 filing fee; and allowed Noel to file an amended complaint by October 18, 2024. ECF 13. One week later, on October 18, Noel filed an amended complaint, which was docketed as a motion to amend his verified civil action complaint with a jury demand. ECF 22. Noel also filed a motion to discharge debt, ECF 21, accompanied by an affidavit and notice of acceptance for value. ECF 23. Upon review of these filings, the Court orders as follows:

1.      Noel's motion to discharge debt, ECF 21, is DENIED. Noel does not dispute the Court's accounting and instead demands that all filing fees be discharged. *Id.* Describing himself as "Moorish American" and "a sovereign citizen," he contends that the filing fee can be discharged "per Public Policy Insurance Bond HJR 192 of 1933 and UCC 10-104 and 1-104 which is [his]

congressionally stipulated right." *Id.* Noel's reliance on these legal theories is misplaced. Federal courts have consistently rejected similar arguments about a litigant's purported "moorish" or "sovereign citizen" status as frivolous. *See, e.g.*, *Lane-Bey v. Lane*, No. 23-cv-12391-RGS, 2023 WL 7693962, at *2 (D. Mass. Nov. 15, 2023), *appeal dismissed*, No. 23-1993, 2024 WL 2805538 (1st Cir. Mar. 22, 2024) (collecting cases).

2.    Noel's amended complaint adds an additional defendant, Sesia Stolf, and raises several civil rights claims concerning the conditions of his confinement at the Souza Baranowski Correctional Center. The Court concludes that the amended complaint survives preliminary screening under 28 U.S.C. § 1915A.

3.    The Clerk shall change the text of docket entry ECF 22 from Noel's "Motion to Amend Verified Civil Action Complaint with a Jury Demand" to Noel's "Amended Complaint."

4.    The Clerk shall add defendant Sesia Stolf as a party to this action and issue summonses. Noel is responsible for serving the summons and amended complaint in accordance with Federal Rule of Civil Procedure 4.

5.    Because Noel is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If Noel chooses to have service completed by the USMS, he must provide the agency with all papers for service and a completed USM-285 form for each defendant. The USMS must, in turn, complete service as directed by Noel with all costs of service to be advanced by the United States. The Clerk will provide Noel with forms and instructions for service.

6.      Noel will have 90 days from the date of the issuance of the summons to complete

service. Failure to complete service within 90 days may result in dismissal of the action. *See* Fed.

R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated:  February 12, 2025                    UNITED STATES DISTRICT JUDGE